FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 7, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MIGUEL ANGEL VELASQUEZ,

    Defendant - Appellant.

No. 21-1166
(D.C. No. 1:10-CR-00220-DME-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **KELLY**, and **McHUGH**, Circuit Judges.[**]
_____

Miguel Angel Velasquez, a federal inmate, appeals from the district court's

order denying his renewed motion for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A federal court may modify a sentence upon motion for compassionate release

by a defendant who "has fully exhausted all administrative rights," if the court

determines that: (1) "extraordinary and compelling reasons warrant such a

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

reduction"; (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the reduction is warranted in consideration of 18 U.S.C. § 3553(a)'s factors and the particular circumstances of the case. 18 U.S.C. § 3582(c)(1)(A); United States v. McGee, 992 F.3d 1035, 1041–43 (10th Cir. 2021). We review the district court's denial of such a motion for abuse of discretion. United States v. Hemmelgarn, 15 F.4th 1027, 1031 (10th Cir. 2021). An incorrect legal conclusion or a clearly erroneous finding of fact may result in an abuse of discretion. Id.

In April 2011, Mr. Velasquez pled guilty to conspiracy to distribute or possess with intent to distribute certain controlled substances in violation of 21 U.S.C. § 846 and §§ 841(a)(1), (b)(1)(A), and (b)(1)(D). 1 R. 7, 252. As a result of a downward departure and a downward variance, the court sentenced him to 192 months, far below the original advisory guideline range of 360 months to life. 1 R. 253, 258. In August 2020, Mr. Velasquez filed a motion for compassionate release. 1 R. 262. The district court denied this motion on the grounds that Mr. Velasquez had not shown extraordinary and compelling circumstances and that 18 U.S.C. § 3553(a)'s factors did not support reducing the sentence. 1 R. 325–29. In March 2021, Mr. Velasquez renewed his motion for compassionate release on grounds of vulnerability to Covid-19 reinfection. 3 R. 12–24. The district court viewed possible reinfection with severe symptoms as speculative and denied Mr. Velasquez's renewed motion for largely the same reasons that it denied his original motion. 3 R. 97–100.

Mr. Velasquez claims that the district court ignored the severity of the dangers posed by Covid-19 and its variants, so its factual findings were clearly erroneous. Aplt. Br. at 9–11.  This is incorrect because the district court explicitly accounted for the specifics of Mr. Velasquez's situation and the risk Covid-19 poses to him.  3 R. 98–100.  The district court's conclusion that these facts are insufficient to constitute "extraordinary and compelling reasons" is not an abuse of discretion.  See 3 R. 97–100.

Next, Mr. Velasquez claims that the district court clearly erred in consideration of § 3553(a)'s factors because it failed to address all 19 circumstances Mr. Velasquez offered.  Aplt. Br. at 11–13.  However, the district court is not required to address each circumstance.  United States v. Hald, 8 F.4th 932, 948 (10th Cir. 2021).  Here, the district court's denial of Mr. Velasquez's motion shows clear consideration of Mr. Velasquez's presented circumstances and § 3553(a)'s factors. Compare 3 R. 97–100 (addressing Mr. Velasquez's circumstances), with 3 R. 19–23 (detailing Mr. Velasquez's 19 offered circumstances).  On balance, it determined that the factors offered in favor of immediate release were outweighed by the circumstances of his drug trafficking offense, his role in it, and his lengthy criminal history.  See 3 R. 97–100.  There was no abuse of discretion.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge